GAUDIN, Judge.
This is an appeal by Gerald J. Power from a June 12, 1986 district court judgment that ordered him to pay $13,398.00 to appellee, The Life Insurance Company of Virginia, Power’s former employer, for breach of an employment contract. The judgment also (1) dismissed the life insurance company’s claim for the return of disability benefits paid to Power and (2) ordered Power to pay $1,190.00, the balance due on a promissory note held by appellee.
Power assigns two errors regarding the $13,398.00 award. Initially, he contends that the trial judge erroneously found him to be an agent rather than a broker; and, secondly, he argues that there was no proof concerning the amount awarded as damages.
We agree with the trial court’s finding that Power was an agent; and, asmuch, compelled by contract to devote himself full time to the selling of appellee’s policies. At the same time, however, we must agree with Power in that the testimony and evidence produced by the insurance company failed to show that the policies cancelled (there were 22) were due to any breach by him (Power).
Plaintiff-appellee’s case consisted of the testimony of various company officials and an actuary, Charles A. Lough. The officials testified that Power violated company policy in selling products of other companies and that he was advised not to do this, but the testimony of the officials did not specifically attribute any loss to Power’s clandestine activities.
The losses were testified to by the actuary, who said that he had examined the 22 cancellation files and determined that The Life Insurance Company of Virginia had sustained losses of profits. However, the actuary did not — indeed, could not — say that any policy had been terminated because of anything that Power did or did not do.
Only two of the 22 persons who cancelled were called as witnesses and they were summoned by Power. They were Lawrence Martin and Gerald Alaimo, who said that they had contacted Power about can-celling their policies. Martin testified that he cancelled because he had acquired a less expensive policy from a Texas company while Alaimo explained that he had surrendered his policy after he wrecked his automobile and needed the cash value of his policy in order to purchase a new car.
We have carefully examined the actuary’s testimony. While it shows that The Life Insurance Company of Virginia suffered financially because of the 22 cancellations, it did not associate Power’s fault or breach with any of the terminations.
For these reasons, we reverse and set aside the judgment of $13,398.00 in favor of The Life Insurance Company of Virginia and against Power. In all other respects, the appealed-from district court decree is affirmed. Appellee is to pay costs of this appeal.
REVERSED IN PART, AFFIRMED IN PART AND RENDERED.